Receipt Number
543693

14

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**KARYN RISCH,**

    Plaintiff,

v

**CITY OF ROYAL OAK POLICE DEPARTMENT,**

    Defendant.

_____/

Case: 5:06-cv-12521
Assigned To: O'Meara, John Corbett
Referral Judge: Pepe, Steven D
Filed: 06-06-2006 At 03:08 PM
CMP RISCH V ROYAL OAK POLICE DEPARTMENT (EW)

RICHARD I. LIPPITT (P64242)
Richard I. Lippitt, P.C.
Attorney for Plaintiff
425 West Huron, Suite 220
Milford, MI 48381
(248) 685-1122
_____/

## COMPLAINT AND JURY DEMAND

NOW COMES, the Plaintiff, KARYN RISCH, by and through her attorney, RICHARD I. LIPPITT, and for her Complaint against the Defendant, respectfully states as follows:

### JURISDICTION AND PARTIES

1. That this is an action to enforce civil rights arising out of Plaintiff's employment relationship with Defendant, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 USC 2000e et seq.

2. That this Court has jurisdiction pursuant to 42 USC 2000e-5 and 28 USC 1331, 1343(4).

3. That the Plaintiff is a resident of the County of Oakland, State of Michigan.

4. That the Defendant is a corporation that maintains its principal place of business in the County of Oakland, State of Michigan and is subject to the jurisdiction of this Court.

RICHARD I. LIPPITT, P.C.
Attorney at Law
425 West Huron, Suite 220
Milford, MI 48381

1

5. That the events giving rise to this cause of action occurred in the County of Oakland, State of Michigan.

## BACKGROUND FACTS

6. That the Plaintiff is a woman.

7. That on or about July 31, 1989, the Plaintiff became employed by the Defendant under the title of Police Officer.

8. That the Plaintiff's duties included all tasks that one would normally associate with that of a suburban police officer.

9. That throughout the course of her employment with the Defendant, the Plaintiff performed her job duties in a manner that was satisfactory or better.

10. That throughout the course of her employment with the Defendant, the Plaintiff was treated differently from similarly situated male employees with respect to the terms, conditions, and benefits of employment.

11. That during the course of her employment with the Defendant, the Plaintiff was denied various opportunities for promotion based solely on her gender, despite having achieved various performance measures that under nondiscriminatory practices would have allowed her to receive such promotion.

12. That at various times throughout her tenure with the Defendant, the Plaintiff voiced registered objections to such disparate treatment to members of the Defendant's management team.

13. That on or about January of 2002, the Plaintiff began making a series of internal complaints of discrimination against the Defendant lodging such complaints with the "command" of the Royal Oak Police Department.

14. That following the Plaintiff's complaints, and as a direct and proximate result of Plaintiff's complaints, the Defendant's discriminatory practices escalated.

RICHARD I. LIPPITT, P.C.
Attorney at Law
425 West Huron, Suite 220
Milford, MI 48381

15. That beginning on or about June of 2002, the Plaintiff was "passed over" for a minimum of six (6) promotional opportunities, such opportunities described as follows:

    a. That on or about June of 2002, the Plaintiff was passed over for a promotion to detective's position despite being number two on a department rating system; with the position ultimately being given to the number three candidate. Candidate number three was a male officer.

    b. That on or about January of 2003, the Plaintiff was passed over for a promotion to sergeant's position despite being number two on a department rating system; with the position ultimately being given to a lesser rated candidate. The lesser rated candidate was a male officer.

    c. That on or about February of 2004, the Plaintiff was passed over once again for a promotion to sergeant's position despite being number one on a department rating system; with the position ultimately being given to the number two rated candidate. The number two rated candidate was a male officer.

    d. That on or about July of 2005, the Plaintiff was passed over for a promotion for a detective's position despite being number three on a department rating system; with the position ultimately being given to the number four rated candidate. The number four rated candidate was a male officer.

    e. That on or about August of 2005, the Plaintiff is passed over for a second time for a detective's position despite being number three on a department rating system; with the position ultimately being given to a lesser rated candidate. The lesser rated candidate was a male officer.

16. That on or around April of 2004 Plaintiff sought a mental health leave of absence and was on leave for approximately fifteen (15) days.

RICHARD I. LIPPITT, P.C.
Attorney at Law
425 West Huron, Suite 220
Milford, MI 48381

17. That the methodologies and systems used by the Royal Oak Police Department to award promotions were unreasonable and unattainable for an officer of the female gender.

18. That similarly situated male officers were provided greater opportunities for promotion and ultimately were given promotions within the Department.

19. That the Plaintiff was held to a different standard then comparable male officers were, such standard being undefined, but nonetheless, orchestrated to prevent the Plaintiff from ever achieving promotion.

20. That the Defendant maintained a religiously hostile work environment by placing various religious art icons on the public walls of the police department.

21. That the Plaintiff was continuously forced to be exposed to such religious icons in that the art was displayed within the station-house and that it was impossible for the Plaintiff to perform her duties (i.e., moving freely about the station-house) without being exposed to the icons.

22. That the religious art icons were dedicated solely to the accepting of Jesus Christ as the Lord and Savior.

23. That the Plaintiff had been forced to be part of a prayer service taking place during the course of what is normally considered to be a police "roll call" that takes place at the beginning of the shift.

24. That the purpose of the prayer session during roll call was designed to further the acceptance of Jesus Christ as the Lord and Savior.

25. That the Plaintiff found the practice of "prayer during roll-call" to be religiously hostile and immediately registered her complaint with the City's Human Resource Department.

26. That despite Plaintiff's complaints regarding the above described religiously hostile work environment, the Defendant did nothing to stop the above described practices.

RICHARD I. LIPPITT, P.C.
Attorney at Law
425 West Huron, Suite 220
Milford, MI 48381

27. That on or about January of 2002, the Plaintiff was a co-plaintiff in an unfair labor practice lawsuit (ULP) between the Royal Oak Police Officers Union and the Royal Oak Police Department. (Case No.: COOB-034 State of Michigan Employment Relations Commission Labor Relations Division).

28. That the purpose of the ULP lawsuit was to raise claims of illegal and unfair labor negotiating practices.

29. That, after hearing testimony and reviewing other evidentiary documentation, the administrative law judge rendered a lengthy opinion and order.

30. That the administrative law judge, amongst other findings of fact and law, concluded that the Defendants' had denied the Plaintiff her Michigan Constitutional Right to engage in a protected activity in violation of 10(1) (a) of PERA by discouraging the Plaintiff from participating in a grievance process and that the Defendant had wrongfully sought to persuade the Plaintiff to withdraw grievances against the police department.

31. That the administrative law judge entered an order stating, amongst other things, that the Defendant Royal Oak Police Department Command will cease and desist from continuing to coerce Karyn Risch in the exercise of protected rights by discouraging her use of the grievance process and by attempting to persuade Risch to withdraw her grievance and her support from the union".

32. That the Defendants' conduct, as dispositively established in the ULP, in conjunction with the other discriminatory acts described in this complaint created an exponential discriminatory effect against her.

33. That the Plaintiff timely filed a charge of race discrimination, sex discrimination, and retaliation with the Equal Employment Opportunity Commission and now brings this action within ninety (90) days of receiving her notice of right to sue. (Please see Exhibit A - Right to Sue Letter).

RICHARD I. LIPPITT, P.C.
Attorney at Law
425 West Huron, Suite 220
Milford, MI 48381

## COUNT I
## SEX DISCRIMINATION

34. That the Plaintiff incorporates by reference paragraphs 1 through 26.

35. That at all material times, the Defendant was an employer, covered by and within the meaning of Title VII of the Civil Rights Act of 1964 (Title VII), as amended.

36. That Plaintiff's female gender was a factor that made a difference in Defendant's decision to subject her to the wrongful and discriminatory treatment described above.

37. That the Defendant, by its agents, representatives, and employees, was predisposed to discriminate on the basis of female gender and acted in accordance with that predisposition.

38. That Defendant's actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

39. That if Plaintiff had been a male police officer, she would not have been treated in the manner described above.

40. That as a direct and proximate result of Defendant's wrongful acts and omissions, the Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

## COUNT II
## RELIGIOUS DISCRIMINATION

41. That the Plaintiff incorporates by reference paragraphs 1 through 41.

42. That all material times the Defendant was an employer.

43. That the Plaintiff, while being a believer in a higher spiritual being, aligns herself with no specific religious denomination and holds no particular doctrine as sacred to her.

RICHARD I. LIPPITT, P.C.
Attorney at Law
425 West Huron, Suite 220
Milford, MI 48381

44. That specifically the Plaintiff, while respecting her fellow Christian co-workers, does not adhere to a Christian belief system and does not accept Jesus Christ as her Lord and Savior.

45. That the Plaintiff's failure to accept Jesus Christ as her Lord and savior was a factor in the Defendant's decision to subject her to the wrongful and discriminatory treatment described above.

46. That the Defendants by its agents and employees were predisposed to discriminate on the basis of the Plaintiffs failure to accept Jesus Christ as her Lord and Savior and act in accordance with that predisposition.

47. That the Defendants actions were intentional with reckless indifference to the Plaintiff's rights and sensibilities.

48. That if the Plaintiff had accepted Jesus Christ as her Lord and Savior she would not have been treated in the manner described as a direct and approximate result.

## COUNT III
## RETALIATION

49. That the Plaintiff incorporates by reference paragraphs 1 through 49.

50. That the Plaintiff has already established at least part of her elements of her retaliation claim by virtue of the previously adjudicated unfair labor practice claim, Case No.: COOB-034 State of Michigan Employment Relations Commission Labor Relations Division.

51. That both independently and in conjunction with the ULP the Defendant retaliated against the Plaintiff for having complained about Defendant's discriminatory employment practices described above.

52. That Defendant's retaliatory conduct, as described above, is in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 USC 2000e et seq.

53. That the Defendant's actions were intentional, with reckless indifference to the Plaintiff's rights and sensibilities.

7

54. That as a direct and proximate result of the Defendant's wrongful acts, the Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

WHEREFORE, the Plaintiff, KARYN RISCH, prays that this Honorable Court enter a Judgment against the Defendant as follows:

### LEGAL RELIEF

a. a Judgment for lost wages and benefits, past and future, in whatever amount the Plaintiff is found to be entitled;

b. compensatory damages in whatever amount the Plaintiff is found to be entitled;

c. punitive and exemplary damages commensurate with the wrong and the Defendant's ability to pay; and

d. an award of interest, costs, and reasonable attorney fees.

### EQUITABLE RELIEF

a. an order placing the Plaintiff in the highest position she would have held currently if there had been no discrimination and retaliation by the Defendant;

b. an injunction prohibiting any further acts of retaliation or discrimination;

c. an award of interest, costs, and reasonable attorney fees; and

d. whatever other equitable relief appears appropriate at the time of trial.

Dated: June 6, 2006

Respectfully submitted,

RICHARD I. LIPPITT, P.C.

Richard I. Lippitt (P64242)
Attorney for Plaintiff
425 West Huron, Suite 220
Milford, MI 48381
(248) 685-1122

RICHARD I. LIPPITT, P.C.
Attorney at Law
425 West Huron, Suite 220
Milford, MI 48381

## JURY DEMAND

NOW COMES, the Plaintiff, KARYN RISCH, by and through her attorney, RICHARD I. LIPPITT, demands a trial by jury.

Dated:   June 6, 2006

Respectfully submitted,

RICHARD I. LIPPITT, P.C.

_____
Richard I. Lippitt (P64242)
Attorney for Plaintiff
425 West Huron, Suite 220
Milford, MI  48381
(248) 685-1122

RICHARD I. LIPPITT, P.C.
Attorney at Law
425 West Huron, Suite 220
Milford, MI 48381

# EXHIBIT A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Detroit Field Office

477 Michigan Avenue, Room 865
Detroit, MI 48226-9704
(313) 226-4600
TTY (313) 226-7599
FAX (313) 226-2778

Karyn Risch
7272 Hatchery Road
Waterford, MI 48327

RE: Karyn Risch-v-Royal Oak Police Department
Charge No: 230-2006-00208

Dear Ms. Risch:

This letter is sent to provide you with an overview of the information and evidence compiled during the investigation of the above-referenced charge of discrimination. Based upon the information listed below, the EEOC has determined that the processing of this matter will be discontinued. This decision was made due to the fact that the information obtained during the investigation does not support a conclusion that the statute complained of has been violated.

On October 20, 2005, you filed a charge of discrimination in which you alleged that you were denied a promotion based on your gender, female and in retaliation for complaining of discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended. At the time of filing, you were apprized of the fact that the EEOC reserves the right and has the authority to discontinue processing of and terminate the investigation of your charge at any time. You now have the right to pursue this matter in court on your own behalf.

The investigation of your charge has revealed the following:

1. There is no evidence that your gender or retaliation played any part in decisions affecting you.

2. Respondent provided documentation showing that while your total score was the third highest, you scored fifth (5th) on the exam, which constitutes 70% of the score, and fourteenth (14th) in your performance evaluations, which constitute 20% of the score. The reason you ranked third overall was your longevity, which counts for 10% of the score.

3. Respondent provided documentation showing that the individual who had the highest total score was also not selected for promotion. This individual is a male.

4. Respondent provided documentation showing that the City of Royal Oak has a procedure that certifies applicants from which the Chief of Police can select, based on who is best suited to the position.

5. Respondent followed their policies and procedures and had legitimate, non-discriminatory reasons for their actions.

Based on this evidence, the EEOC is unable to conclude that you have been discriminated against based on your gender or in retaliation. When the evidence fails to meet a "more likely than not" standard, the EEOC has no choice but to dismiss the charge. Further, this dismissal does not state that the Respondent was in compliance with the statutes.

It should be noted that the Dismissal and Notice of Rights which you receive relating to your charge will allow you to proceed with your allegations in federal court, if you so desire. **UPON RECEIPT OF THE DISMISSAL AND NOTICE OF RIGHTS IT IS IMPERATIVE THAT YOU FILE SUIT IN THE UNITED STATES DISTRICT COURT WITHIN NINETY (90) DAYS OF RECEIPT, FAILURE TO DO SO WILL RESULT IN YOUR LOSS OF RIGHT TO PROCEED IN COURT.** An information sheet outlining your rights and filing procedures will accompany the Dismissal and Notice of Rights. Further, the EEOC will provide you, upon request, with a list a attorneys who practice in the field of employment discrimination. Please note that the EEOC does not recommend the attorneys nor make any representation regarding their abilities.

2/15/06
Date

Sincerely,

Spyridon E. Mellos
Investigator

JS 44 11/99 **CIVIL COVER SHEET** COUNTY IN WHICH THIS ACTION AROSE: OAKLAND

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**I. (a) PLAINTIFFS**

KARYN RISCH

**DEFENDANTS**

CITY OF ROYAL OAK POLICE DEPARTMENT

(b) County of Residence of First Listed: OAKLAND

County of Residence of First Listed: OAKLAND

(C) Attorney's (Firm Name, Address, and Telephone Number)

RICHARD I. LIPPITT (P64242)
425 WEST HURON, SUITE 220
MILFORD, MI 48381   (248) 685-1122

Case: 5:06-cv-12521
Assigned To: O'Meara, John Corbett
Referral Judge: Pepe, Steven D
Filed: 06-06-2006 At 03:08 PM
CMP RISCH V ROYAL OAK POLICE DEPARTMENT (EW)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only) and One Box for Defendant

| | PLA | DEF | | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

CONTRACT
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment and Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability

TORTS — PERSONAL INJURY
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault Libel And Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury

TORTS — PERSONAL INJURY
- 362 Personal Injury-Med. Malpractice
- 365 Personal Injury - Product Liability
- 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

REAL PROPERTY
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

CIVIL RIGHTS
- 441 Voting
- [X] 442 Employment
- 443 Housing/Accommodations
- 444 Welfare
- 440 Other Civil Rights

PRISONER PETITIONS
- 510 Motions to Vacate Sentence
  Habeas Corpus:
- 530 General
- 535 Death Penalty
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition

FORFEITURE/PENALTY
- 610 Agriculture
- 620 Other Food & Drug
- 625 Drug Related Seizure of Property 21: 881
- 630 Liquor Laws
- 640 R.R. & Truck
- 650 Airline Regs.
- 660 Occupational Safety/Health
- 690 Other

LABOR
- 710 Fair Labor Standards Act
- 720 Labor/Mgmt. Relations
- 730 Labor/Mgmt. Reporting & Disclosure Act
- 740 Railway Labor Act
- 790 Other Labor Litigation
- 791 Empl. Ret. Inc. Security Act

BANKRUPTCY
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

PROPERTY RIGHTS
- 820 Copyrights
- 830 Patent
- 840 Trademark

SOCIAL SECURITY
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

FEDERAL TAX SUITS
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS-Third Party 26 USC 7609

OTHER STATUTES
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce/ICC
- 460 Deportation
- 470 Racketeer Influenced & Corrupt Organizations
- 810 Selective Service
- 850 Securities/Commodities/Exchange
- 875 Customer Challenge 12 USC 3410
- 891 Agricultural Acts
- 892 Economic Stabilization Act
- 893 Environmental Matters
- 894 Energy Allocation Act
- 895 Freedom of Information Act
- 900 Appeal of Fee Determination Under Equal Access to Justice
- 950 Constitutionality of State Statutes
- 890 Other Statutory Actions

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multi district Litigation
- [ ] 7 Appeal to District Judge from Magistrate

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

That this is an action to enforce civil rights arising out of Plaintiff's employment relationship with Defendant, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 USC 2000e et seq.

**VII. REQUESTED IN COMPLAINT:**
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- $DEMAND see notes
- CHECK YES only if demanded in complaint: JURY DEMAND: [X] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE N/A  DOCKET NUMBER N/A

DATE 6/6/2006

SIGNATURE OF ATTORNEY OF RECORD

PURSUANT TO LOCAL RULE 83.11

1.    Is this a case that has been previously dismissed?     ☐ Yes    ☒ No

If yes, give the following information:

Court: N/A

Case No.: N/A

Judge: N/A

2.    Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)     ☐ Yes    ☒ No

If yes, give the following information:

Court: N/A

Case No.: N/A

Judge: N/A

Notes :

In an amount greater than $100,000.00