UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARYN RISCH,

        Plaintiff(s),        CASE NO.: 2:06-CV-12521

vs.        DISTRICT JUDGE JOHN CORBETT O'MEARA
        MAGISTRATE JUDGE STEVEN D. PEPE

CITY OF ROYAL OAK POLICE
DEPARTMENT,
        Defendant(s).
_____/

**Order Regarding Motion to Compel Non-Party Witness
LeVasseur to Answer Certain Deposition Questions (Dkt. # 35)**

**I. Background facts:**

On June 6, 2006, Plaintiff, Karyn Risch, filed a Title VII suit against her former employer, the City of Royal Oak Police Department, alleging sex and religious discrimination as well as retaliation (Dkt. # 1). Plaintiff was hired by Defendant in July 1989. *Id.* at 2. She alleges that around January 2002, after making internal complaints of discrimination with departmental command, discriminatory practices against Plaintiff increased. Bolstering her claim Plaintiff alleges that starting June 2002, she was "passed over" for at least 6[1] promotional opportunities (Dkt. # 1, p. 3)

On November 15, 2007, Defendant filed a motion to Compel Non-Party Witness LeVasseur to Answer Certain Deposition Questions (Dkt. # 35). On November 16, 2007, this motion was referred to the undersigned for hearing and determination pursuant to 28 U.S.C . § 636 (b)(1)(A) (Dkt. # 36).

---

[1]Plaintiff, in her complaint, only lists five job openings which she did not receive.

**II. Analysis:**

On November 8, 2007, Ms. Renee LeVasseur, a Royal Oak Police officer, was deposed to answer questions regarding this case (Dkt. # 41, Ex. 1, Deposition transcript). In her deposition, Deponent LeVasseur stated that "some officers" did not evaluate women fairly (*Id.* Deposition transcript, page 81, lines 11-16). Defendant's counsel inquired as to who these discriminatory officers were. Ms. LeVasseur replied "I don't want to answer that question" (Dkt. # 35, Ex. A, p. 4 – Deposition transcript page 81, line 16). Defendant's counsel conferred with the deponent's counsel who noted that Defendant could file a motion compelling deponent's testimony, but it was deponent's choice to answer or refrain from answering the question at hand (Dkt. # 35, p. 2). Ms. LeVasseur did not answer the question.

Citing Federal Rule of Civil Procedure 37(a)(2)(B),[2] Defendant seeks to compel Ms. LeVasseur to appear for a deposition and answer questions regarding the "command officers' evaluations of female officers including, without limitation, the names of the command officers" (Dkt. # 35, p. 2).

Neither side can present Renee LeVasseur to give lay witness opinion about gender discrimination at the City of Royal Oak Police Department in promotions, discipline, or command officer performance evaluations without the proponent of such opinion testimony making a proffer, potentially subject at trial to *voir dire* as to its factual sufficiency, that her

---

[2]Fed.. R. Civ. P. 37(a)(2)(B): "If deponent fails to answer a question propounded or submitted by Rules 30 or 31 ... the discovering party may move for an order compelling inspection in accordance with the request. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party to make the discovery in an effort to secure the information without court action." Fed.. R. Civ. P. 37(a)(2)(B).

opinion is "rationally based on the perception of the witness." Fed. R. Evid. 701.

Ms. LeVasseur's deposition was scheduled by Defense counsel, who is hoping not to have Ms. LeVasseur testify in this case. Their desire to inquire into which command officers she believes discriminate against women in performance evaluations is merely to prepare for a possible cross examination of Ms. LeVasseur.

Unless or until there is a proffer that Ms. LeVasseur has perceptions including concrete behavioral facts and specific patterns based on facts, Ms. LeVasseur will not be allowed to give opinion testimony under Rule 701. Defense counsel is not trying to determine if there are such facts in order to be able to present Ms. LeVasseur as a witness. Thus, unless and until it is demonstrated that Ms. LeVasseur will be a witness giving opinion testimony, denying Defendant's motion will not undermine the fact finding process. It is Plaintiff's burden of laying such a foundation for lay opinion testimony. Were this Plaintiff's motion to compel LeVasseur to give testimony to discover any possible facts to lay a foundation for opinion testimony, the situation would be different. But Plaintiff's counsel, while given notice of this motion and the hearing time, has chosen not to make himself available to participate in the hearing.

Accordingly, absent any legally sufficient proffer as to facts that would permit Ms. LeVasseur to give lay opinion testimony, there is no reasonable basis to anticipate she will be giving lay opinion testimony at trial in this case, and thus no need to have defense counsel pursuing a line of questioning that Ms. LeVasseur feels – rightly or wrongly – is threatening to her job or the conditions of her employment. Defendant's motion is thus, **DENIED**.

**SO ORDERED.**

**DATED:** December 20, 2007        s/ Steven D. Pepe
                                    **STEVEN D. PEPE**
                                    **UNITED STATES MAGISTRATE JUDGE**


**CERTIFICATE OF SERVICE**

This is to certify that on December 20, 2007 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following parties:Eileen K. Husband, Christopher E. LeVasseur, Richard I. Lippitt, T. Joseph Seward, and I hereby certify that I have mailed a copy of the Scheduling Order to the following non-ECF parties: not applicable

                                    s/ James P. Peltier
                                    James P. Peltier
                                    Courtroom Deputy Clerk
                                    U.S. District Court
                                    600 Church St.
                                    Flint, MI 48502
                                    810-341-7850
                                    pete_peltier@mied.uscourts.gov