UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARYN RISCH,

    Plaintiff,  Case No. 06-12521

v.  Hon. John Corbett O'Meara

ROYAL OAK POLICE DEPARTMENT,

    Defendant,

_____/

# OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the court is Defendant, Royal Oak Police Department's Motion for Summary Judgment, filed September 21, 2007. The motion is fully briefed and the court heard oral argument on June 5, 2008. For the reasons discussed in this opinion, Defendant's motion is granted.

## BACKGROUND FACTS

### A. Plaintiff's Allegations

Plaintiff Karyn Risch is a 17-year veteran of the Department. Prior to 2001, Risch claims she had an average career as a uniformed police officer. However, that changed in January 2001 when Theodore Quisenberry was appointed chief of the Royal Oak Police Department (Chief). She attributes falling evaluation scores to gender discrimination that she says was prevalent under the Chief's tenure. Although she believed discrimination was prevalent under the Chief, Risch sought promotion within the department. Her attempts at promotion are as follows:

- September 2001, Risch was denied promotion to Field Training Officer.
- June 2002, Risch was passed over for detective.

- January 2003 Risch was passed over for Sergeant.
- Feburary 2004, Risch was passed over for Sergeant.
- July 2005, Risch was passed over for detective.
- August 2005, Risch was passed over for detective.

Only the July and August 2005 actions are compensable under the 300-day relation back EEOC statute.

Risch argues that the Department has a civil service promotion system which grades candidates according to three criteria: written examination scores, performance reviews, and years on the job. Successful applicants must score at least 70% on the exams to reach final consideration by the Chief. Once that minimum requirement is reached, applicants are measured on a weighted scale: 70% for exams; 20% for performance reviews; 10% for experience on the job. The top candidates come from this ranking, after which the Chief chooses who he wants for promotion. Risch believes the Chief should have chosen promotions according to the order of the civil service weighted system submitted to him. (In this instance, the top 5 candidates were brought before the Chief for consideration.) Instead, Risch claims that on six occasions between 2001 and 2005, the Chief chose a male candidate from the promotion list who was ranked lower than Risch.

**B.     Defendant's Allegations**

The Department points out that the Royal Oak Civil Service Board ranks officers to determine who will comprise the eligibility list. However, the Chief has complete discretion to choose anyone from the eligibility list.

In this instance, the Chief was given a list of five qualified candidates who were selected through the previously described procedures. On June 20, 27, and August 1, 2005, the Chief chose three males candidates for Detective positions. Risch had lower written exam scores and

performance evaluations than the officers who were promoted. In his affidavit, the Chief states that he based his decisions on skill levels, performance, leadership qualities, test scores and performance evaluations.

As the decisions specifically relate to Risch, the Chief states he did not choose her because of past performance issues and the fact that the other candidates had demonstrated more leadership, achieved higher test scores, and were given better performances evaluations. Gender was not a factor, nor was experience. The Chief cited to several service ratings for his conclusions:

> "Has improved on negative attitude from prior ratings. Arrest numbers are good. Traffic totals are average, which is improved from below average. Accepted, directed, patrolled details without complaint. Still needs reminders to maintain acceptable levels of performance." (October 2003 Service Ratings Form.)

Five months earlier, Risch's supervisor commented, "Officer Risch is not very motivated and too vocal with her negative opinions of the Department."

> "[C]ounseled for zero traffic enforcement. Counseled about padding her logs, low productivity, malingering about the station, overuse on siren at vehicle check. Unfortunate continued documented history of sub-performance and articulation of unhappiness with R[oyal] O[ak] P[olice] D[epartment]. (October 2004 Service Ratings Form.)

Also included in the exhibits are Risch's counseling records for this period which contain examples of behavioral issues that seem contrary to promotion to detective.

On the other hand, the Chief cites to the performance evaluations of the officers he chose for evaluation. Officer Edgel was cited as an "outstanding officer, highly dependable, exceptional in his cooperation with associates." Officer Michael Moore was described as "developing well and could be counted on to complete assignments thoroughly. Officer Moore gets along well with other officers and command officers alike." Officer Spencer was described as a "professional who never

complains, a doer." Each officer had higher evaluation scores for "cooperation with associates, initiative, dependability, work attitude and progressiveness" than Risch. Officers Moor and Spencer had higher written exam scores than Plaintiff Risch.

## STANDARD OF REVIEW AND MCDONNELL DOUGLAS

Defendant Department concedes the first two points of the McDonnell Douglas requirement that Plaintiff establish a prima facie case of discrimination.[1] What remains are questions of (3) whether she was qualified for the job, i.e. the detective position; and (4) that she was replaced by a person who is not a member of the protected class. McDonnell Douglas Corp. v. Greene, 411 U.S. 792, 802 (1973).

If the prima facie case is established by Plaintiff, then the burden shifts to Defendant "to articulate some legitimate, non-discriminatory reason" for the adverse action. Id. Plaintiff then must prove by a preponderance of the evidence that the articulated reason is a pretext for discrimination. St. Mary's Honor Center v. Hix, 509 U.S. 502, 504-516 (1993).

## LAW AND ANALYSIS

**I.    Prima Facie Case**
       **(A).   Was Risch qualified for the job?**

Defendant Department argues that since Risch's performance evaluations and test scores were lower than the scores and evaluations of those chosen for the detective positions, she is not qualified for the detective position. This argument misses the point. The argument at the prima facie stage is whether "plaintiff's objective qualifications [to] determine whether he or she is

---

[1] The McDonnell Douglas test requires the plaintiff to establish a prima facie case of gender discrimination. To do so she must show that she is (1) a member of a protected class; (2) subject to an adverse employment action; (3) was qualified for the job; and (4) replaced by a person who was not a member of the protected class.

qualified for the relevant job." Wexler v. White's Fine Furniture, 317 F3d 564, 575 (6th Cir. 2003); see also MacDonald Douglas, 411 U.S. at 576 ("the inquiry should focus on criteria such as the plaintiff's education, experience in the relevant industry, and demonstrated possession of the required general skills").

The facts show that Risch made it to the final stage of consideration, the final five candidates out of fourteen applications. She did so through objective standards and the 70/20/10 weighted system that placed her in the top five of applicants. It stands to reason that she could have easily been promoted from this final list. The reasoning behind her not being promoted was the Chief's subjective emphasis on some criteria over others (scores and evaluations over experience). Risch clearly met the minimum objective criteria for being qualified for the position.

Defendant Department's argument on this aspect of the prima facie case boils down to this: since the Chief decided not to hire Risch, she was not qualified. The argument conflates Defendant's argument in the prima facie case with Defendant's proffered non-discriminatory reason for not promoting her. To accept this reasoning from Defendant, is to deny Risch the opportunity to argue that the Chief's proffered reason for refusing to promote her is pretext for discrimination. It is a dangerous precedent to set. The McDonnell Douglas test certainly was not intended to keep plaintiffs from presenting arguments (and evidence) that proposed pretextual reasons for their employer's non-discriminatory explanations for adverse actions.

**(B).  Was Risch replaced by a person who is not a member of the protected class?**

Plaintiff argues that similarly situated males were treated differently than Risch. The evidence presented plainly states that is what happened: males with similar qualifications were chosen for promotion over Risch. This happened at least three times in 2005, and possibly more times if previous instances dating back to 2001 are included.

Again, Defendant Department misses the point in its arguments regarding this aspect of Plaintiff's prima facie case. Defendant states that Plaintiff had the lowest performance evaluations of all 14 applicants and that four out of the five candidates presented to the Police Chief had higher written exam scores than the Plaintiff. Defendant attempts to use this information to support the premise that Plaintiff was treated just like any other male applicant. However, this argument is better suited for the last part of this analysis: whether there was pretext behind Defendant Department's decision to promote other candidates over Risch. It is at that stage that the parties can discuss and debate the motivations behind Defendant's decision. This aspect of the prima facie test merely requires Plaintiff to show that males with similar qualifications were chosen for promotion over Risch, which is what happened in this instance.

## II.     Was the proffered non-discriminatory reason for not promoting Risch pretextual?

Defendant's reason for not promoting Risch is simply that she was not as good a candidate for promotion as the individuals who were promoted over her. This was not based on subjective factors but rather Risch's relatively poor performance reviews and low exam scores.

Plaintiff Risch must show evidence that there were other, impermissible discriminatory factors that entered into the decision. Risch's arguments cannot be based on subjective opinions. Texas Dept. of Community Affairs v. Burdin, 450 U.S. 248 253 (1981). Plaintiff may refute the proffered reason by showing it (1) has no basis in fact; (2) did not actually motivate the defendant's challenged actions; or (3) was insufficient to warrant the challenged conduct. Wexler, 317 F.3d at 574.

Risch does not present evidence that her performance evaluations establish pretext, nor does

she substantively question these evaluations.[2] Instead, she asserts that Defendant Department's reliance on the performance evaluations is insufficient to warrant male officers being chosen over her for promotion. I disagree. Plaintiff wants to impose the 70/20/10 ranking system that is used to pick the final candidates on the Chief's final choice, and argue that gender discrimination occurred because the Chief chose promotions outside the ranking system. However, it is clear that once the Chief is given this list, he has discretion to pick who he wants, as long as those reasons are not unlawfully discriminatory.

In Risch's case, she had lower test scores and performance evaluations than those who were picked. Her evaluations noted poor performance and negative attitudes that she voiced throughout the Department. Risch complains that the Chief valued these considerations over experience, which happened to favor her. In other words, Plaintiff questions the Chief's business judgment in assigning promotions and valuing certain factors over others. See Hartsel v. Keys, 87 F.3d 795, 801 (6th Cir. 1996). Plaintiff does nothing more than present a subjective belief that the Chief and the

---

[2] Risch makes bald assertions that the Department's leadership was also biased against females but offers no proof to back up these assertions. Risch offers the following as evidence:

a. The testimony of three Royal Oak Police Officers who opine that the Police Chief discriminated against women when choosing promotions. However, the deposition testimony of these officers state that their opinions were based on their own subjective impressions and not on knowledge of Plaintiff's test scores, performance evaluations or conversations with the Chief on why he chose not to promote Risch.
b. Risch cites to the fact that the Royal Oak Police Department has never conducted diversity training for gender discrimination, even though Risch previously brought a gender discrimination complaint that was dismissed. However, I am unaware of any case law that suggests a lack of diversity training establishes pretext for this type of complaint.
c. Risch suggests that the former Deputy Police Chief brought a type of "radical evangelical Christianity to the station house" that devalued women. However, Plaintiff fails to allege a specific instance where this person's religious beliefs translated into gender discrimination or that the Deputy Police Chief had any influence on the Chief's decision not to promote Risch.
d. Risch states that between 2001 and 2007, the Chief promoted one woman, Lynn Baron, to a Command position. Baron then left the Department after one year. Risch argues that this is an inference of gender discrimination. However, the inference is based on mere speculation offered by a Renee Lavassuer who admitted she had no factual basis for knowing why Baron retired from the Department.
e. Finally, Risch mentions that Defendant has hired five women between 2001 though 2007 as police officers but argues that they merely replaced other women who left the Department. Defendant correctly states that this not an inference of gender discrimination.

Department discriminated against her; however, she fails to present evidence that the reasons given for not promoting her were pretextual. See e.g. United States Ex Rel Diop v. Wayne County Community College District, 242 F. Supp. 2d 497 (E.D. Mich. 2003).

## ORDER

IT IS HEREBY ORDERED that Defendant Royal Oak Police Department's September 21, 2007 motion for summary judgment is GRANTED.

        s/John Corbett O'Meara
        United States District Judge

Date: June 9, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, June 9, 2008, by electronic and/or ordinary mail.

        s/William Barkholz
        Case Manager